MARY J. YOUMANS v. EMELINE LOXLEY AND HENRY M. YOUMANS.

*Mortgage—Rights of execution purchaser—Foreclosure against husband.*

1. An execution purchaser who buys land subject to a mortgage can have no equities against the mortgage, and it does not concern him how the owner disposes of it.

2. A married woman can acquire a mortgage against her husband and on his land as freely as she can take any other existing security; and as it is not her obligation she can foreclose it even though she joined in it to release her right of dower.

Appeal from Saginaw. (Gage, J.) Jan. 23.—Jan. 28.

. FORECLOSURE bill. Complainant appeals. Reversed.

*Ferdinand Brucker* for complainant.

*Wheeler & McKnight* for defendant Loxley.

CAMPBELL, J. Defendant Loxley is purchaser under an execution sale against defendant Henry M. Youmans of certain land which when levied on was subject to a mortgage to Edwin Brown who is father of complainant, she being wife of defendant Henry. In January 1882 Brown executed a formal assignment of this mortgage by way of gift to complainant who now seeks to foreclose it. The only defense set up is that on August 23, 1880, being more than a year after the date of the execution sale (which was June 17, 1879) Youmans and wife gave Brown a deed purporting to be in satisfaction of the mortgage, thereby as defendant insists extinguishing it.

When this deed was made, Youmans had no further interest to convey, as his time for redemption. had expired, and none but judgment creditors could take up the property after a year from the sale. How. Stat. §§ 6120–6126. It is also shown conclusively that Brown never accepted the deed, which therefore could have no bearing on the mortgage.

Defendant Loxley, having purchased the land subject to the Brown mortgage can have no equities against it, and has no concern with any disposition which Brown saw fit to make of it. And Mrs. Youmans, as a married woman, could acquire a mortgage on her husband's lands and against him, just as freely as she could buy or take any other security already existing. And the fact that she had joined in the mortgage to release her dower could not affect her right to hold it, as it was not her own obligation. She is entitled to a decree of foreclosure.

The decree below must be reversed and a decree granted to complainant for foreclosure in the usual form, with costs of both courts.

The other Justices concurred.